IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| TERRY WILLIAMS, | § | |
| | § | |
| Plaintiff-Below, | § | |
| Appellant, | § | No. 291, 2014 |
| | § | |
| v. | § | Court Below:  Superior Court |
| | § | of the State of Delaware, |
| THE BLUFFS LIMITED | § | in and for New Castle County |
| PARTNERSHIP, | § | C.A. No. N13C-10-359 |
| | § | |
| Defendant-Below, | § | |
| Appellee. | § | |

Submitted:  June 11, 2014
Decided:   July 1, 2014

Before **STRINE**, Chief Justice, **HOLLAND**, and **RIDGELY**, Justices.

## **O R D E R**

This 1st day of July 2014, it appears to the Court that:

(1)    The appellant, Terry Williams, has petitioned this Court, under Supreme Court Rule 42, to accept an interlocutory appeal from a Superior Court order dated May 13, 2014.  The Superior Court order granted the motion of the appellee, The Bluffs Limited Partnership ("The Bluffs"),[1] to vacate a default judgment obtained by Williams.

---

[1] According to papers filed by the appellee in the Superior Court, The Bluffs Limited Partnership is incorrectly named in the caption of the Superior Court complaint.  The appellee appears to have indicated that the relevant entity is The Bluffs Apartments, which is owned by Sheldon Limited Partnership, LP and managed by RIMSI Corp.

(2) Williams filed an application for certification of an interlocutory appeal and/or a stay of the proceedings in the Superior Court on May 19, 2014. The Bluffs responded to the certification application on May 29, 2014. Williams filed this interlocutory appeal on June 2, 2014.

(3) On June 5, 2014, the Superior Court denied Williams' application for certification of an interlocutory appeal and/or a stay of the proceedings. On June 11, 2014, Williams filed a supplemental notice of appeal with the Superior Court's order denying his certification application.

(4) Applications for interlocutory review are addressed to the sound discretion of this Court and are granted only in exceptional circumstances.[2] Having considered the Superior Court's May 13, 2014 order and the Superior Court's denial of Williams' certification application, this Court has concluded that the application for interlocutory review does not meet the requirements of Supreme Court Rule 42 and should be refused.

---

[2] Supr. Ct. R. 42.

2

NOW, THEREFORE, IT IS ORDERED that this interlocutory appeal is REFUSED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice